## Case No. 13,274.

### In re STAFFORD.

[13 N. B. R. (1876) 378.][1]

District Court, E. D. Michigan.

BANKRUPTCY—FEES—REGISTER.

Registers may take cognizance of uncontested petitions filed by attorneys against the as-

[2] [From 43 How. Prac. 110.]
[1] [Reprinted by permission.]

signee, to compel the payment of their fees and disbursements.

[Cited in Re Austin, Case No. 662.]

[In the matter of Henry A. Stafford, a bankrupt.]

On exceptions to the decision of the register refusing to act on the petition of William H. Parks for an order requiring the assignee to pay him seventy-five dollars for his services in making the schedules filed by the bankrupt. Similar exceptions were filed to the decision of the same register declining to act on a petition of the same parties in the case of the Michigan Iron Company, for an order allowing a claim for professional services, disbursements, expenses, and fees, incurred in obtaining an order restraining certain sales of the bankrupt's property on execution. The register declined to act upon these petitions, on the ground that they should have been brought before the court, and that he had no authority to act unless under a special order of reference.

BROWN, District Judge. By section 4 of the bankrupt act [14 Stat. 519], in which the powers of registers in bankruptcy are defined, after the enumeration of certain specified matters, a general power is given them "to sit in chambers, and dispatch, there, such part of the administrative business of the court, and such uncontested matters as shall be defined in general rules and orders," to be made by the supreme court. This power given to the supreme court it had not exercised in its general rules and orders adopted prior to April, 1875, but the power of the register to act upon petitions of this kind was, notwithstanding, asserted by the district court of southern New York. In re Lane [Case No. 8,042]. In the opinion of Judge Blatchford, the power of the register to make an order, upon the petition of the solicitor for the bankrupt, directing the assignee to pay certain fees of officers, was embraced within the power given by section 4, "to make all computations of dividends and all orders of distribution," and "to audit and pass accounts of assignees," and under the power given him by general order No. 5, to conduct proceedings in relation to "taking evidence concerning expenses and charges against the bankrupt's estate, auditing and passing accounts of assignees, and proceedings for the declaration and payment of dividends."

This case was followed by my learned predecessor (In re Noyes [Case No. 10,371]), where the question arose upon the application of the assignee for the settlement of his account, and the power of the register to hear such application was affirmed. In the Case of Rosenberg [Id. 12,056], the attorneys for the bankrupt applied to the register for an order of payment by the assignee of the bill of items of disbursements for clerk's, register's, and marshal's fees, etc., to which the assignee objected that the bankrupt had paid his

attorneys a sufficient sum to cover those items. In this case Judge Blatchford held that the matter should be brought before the court by petition, which would then be referred to the register to take testimony. This was probably because the application was contested. Whatever doubts may have existed under general order No. 5, prior to April, 1875, with respect to the power of the register in uncontested matters of this kind, are resolved by the amended order adopted at that date. By this order, the power already given to the supreme court by section 4, and never, until then, exercised, was assumed by the supreme court, and the duties of the register extended to the dispatch "of all administrative business of the court in matters of bankruptcy, and making all requisite uncontested orders therein which are not by the acts of congress concerning bankruptcy required to be made, done or performed by the district court itself," subject, however, to the control and review of this court. By the amendment of general order No. 8, adopted at the same time, it was provided that "if any party interested adversely to such order shall not, before the hearing of the application therefor, give reasonable notice in writing to the register that he intends to contest the same, and objects to its being heard by the register, the same shall be heard by the register as by consent." The language could scarcely be broader. It applies to all uncontested orders concerning the winding up of the bankrupt's estate, which are not required to be specifically made by the court, and I think clearly embraces the petitions in question.

The exceptions to the decision of the register are therefore sustained, and an order will be entered directing him to act upon the petition in each case.